```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF INDIANA
                       SOUTH BEND DIVISION
```

MAURICE PORTER,                )
                               )
Petitioner,                    )
                               )
vs.                            )    CAUSE NO. 3:12-CV-90
                               )
SUPERINTENDENT, WESTVILLE      )
CORRECTIONAL FACILITY,         )
                               )
Respondent.                    )

                         OPINION AND ORDER

    This matter is before the court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody filed by Maurice Porter on February 14, 2012. For the reasons set forth below, the petition (DE 1) is **DENIED.**


BACKGROUND

    Maurice Porter is serving a six and a half year sentence based on his 2010 convictions for two counts of non-support of a dependent child (DE 6-1 at 13). Porter filed a direct appeal in which he challenged the sufficiency of the evidence to support his convictions and the State's use of prior arrearages, under Indiana's double jeopardy provisions (DE 6-3 at 5). The Indiana Court of Appeals affirmed Porter's convictions in part, reversed in part, and remanded with instructions for the trial court to reduce one of Porter's class C felonies to a class D felony and to re-sentence him to one year and a half on that conviction (DE 6-5 at 12). Porter sought rehearing which was denied on January 11,

2011 (DE 6-2 at 5).

On March 2, 2011, the trial court entered an order following the Indiana Court of Appeals' instruction to reduce one of Porter's convictions to a class D felony and to re-sentence him (DE 6-1 at 19). On August 8, 2011, Porter filed a motion for permission to file a belated petition to transfer to the Indiana Supreme Court (DE 6-6), which that court denied on August 12, 2011 DE 6-7).

DISCUSSION

This petition is governed by the provisions of the Anti-Terrorism and Death Penalty Act of 1996, *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997), which allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Before considering the merits of a habeas petition, a federal court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). The exhaustion requirement is premised on concerns of comity; the state courts must be given the first opportunity to address and correct violations of their prisoners' federal rights. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Perruquet v. Briley*, 390 F.3d

505, 514 (7th Cir. 2004). For that opportunity to be meaningful, the petitioner must fairly present his constitutional claims in one complete round of state review. *Baldwin v. Reese*, 541 U.S. 27, 30-31 (2004); *Boerckel*, 526 U.S. at 845.

The companion procedural default doctrine, also rooted in comity concerns, precludes a federal court from reaching the merits of a habeas petition when either: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state law procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991); *Perruquet*, 390 F.3d at 514. When a habeas petitioner fails to fairly present his claim to the state courts and the opportunity to raise that claim has passed, the claim is procedurally defaulted. *Boerckel*, 526 U.S. at 853-54.

A habeas petitioner can overcome a procedural default by showing both cause for failing to abide by state procedural rules and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. 72, 90 (1977); *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008). Cause sufficient to excuse procedural default is defined as "some objective factor external to the defense" which prevented a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier*, 477 U.S. 478, 492 (1986).

A habeas petitioner may also overcome a procedural default by

establishing that the court's refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006); *Coleman*, 501 U.S. at 750. Under this narrow exception, the petitioner must establish that "a constitutional violation has resulted in the conviction of one who is actually innocent of the crime." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A petitioner who asserts actual innocence "must *demonstrate* innocence; the burden is his, not the state's . . . ." *Buie v. McAdory*, 341 F.3d 623, 626-27 (7th Cir. 2003) (emphasis in original). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Porter's petition for writ of habeas corpus presents one claim, that the trial court violated his rights by re-sentencing him in his absence. Although he did not state that claim explicitly in his petition, in the portion of the petition for supporting facts for his claim Porter stated that the Indiana Court of Appeals ordered the trial court to re-sentence him but that the "lower court then sentence[d] me without a trial. I was not present when all of this took place" (DE 1 at 5).

The Petitioner's claim that the trial court re-sentenced him in absentia is procedurally defaulted because he did not present it for one complete round of state court review. Porter did not present his claim that he was improperly sentenced on remand to the

4

court of appeals, nor did he present the claims he raised in his original appeal to the Indiana Supreme Court because he did not file a timely petition for transfer and the Indiana Supreme Court denied him leave to file a belated petition for transfer (DE 6-7).

To fully exhaust his state court remedies, a habeas petitioner must seek discretionary review from the State's highest court where that review is normal, simple, and an established part of the State's appellate review process. *O'Sullivan v. Boerckel* 526 U.S. at 838, 846-47. Failure to exhaust available state court remedies constitutes a procedural default. *Id.* at 853-54. To avoid a procedural default, a petitioner must have presented his federal claims to the state courts before he seeks federal review of these claims. *Id.* at 844.

A habeas petitioner can overcome a procedural default by showing both cause for his failure to raise the claim he presents in his habeas petition to the state courts and a resulting prejudice from that failure. *Wainwright v. Sykes*, 433 U.S. at 90; *Wrinkles v. Buss*, 537 F.3d at 812. In his motion for a directed verdict, which in part is a reply to the Respondent's response to the order to show cause, Porter argues that he was not "notified by the court in a timely manner" of the denial of his petition for rehearing, and had to file a belated petition to transfer (DE 7 at 2). But the claim Porter presents in his petition for writ of habeas corpus involves events that occurred in the trial court after his case was remanded for re-sentencing. That Porter may not

have received timely notice of the denial of his petition for rehearing by the Indiana Court of Appeals decision does not provide good cause for his failure to present to the state courts his claim that on remand the trial court sentenced him without a trial and that he was not present when the re-sentencing took place.

A habeas petitioner may also overcome a procedural default by establishing that the refusal to consider a defaulted claim would result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518 at 536; *Coleman*, 501 U.S. at 750. But Porter presents no actual innocence claim, and an actual innocence claim does not arise from an argument that the trial court re-sentenced Porter in his absence. Accordingly, his claim that he was improperly sentenced on remand is procedurally defaulted.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court must consider whether to grant Porter a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Id.* at 484-85. First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. Next, the petitioner must show that reasonable jurists would find it debatable whether the petition states a valid claim for denial of a constitutional right. *Id.* To obtain a certificate of appealability, the petitioner must satisfy both components. *Id.* at 485.

For the reasons stated in this memorandum, the Court concludes that Porter's petition must be dismissed because he has not exhausted his state court remedies. Porter has not established that jurists of reason could debate the correctness of this procedural ruling or find a reason to encourage him to proceed further. Accordingly, the Court declines to issue Porter a certificate of appealability.

CONCLUSION

For the reasons set forth above, the Court **DISMISSES** the petition (DE 1), **DIRECTS** the Clerk to close this case, and **DENIES** a certificate of appealability.

DATED: September 18, 2012           /s/RUDY LOZANO, Judge
                                    United State District Court